UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECHO WESTLEY DIXON,

                Plaintiff,

-v-                                            No. 03 Civ. 0826 (LTS)(KNF)

CORRECTION OFFICER JEFFREY RAGLAND,
CORRECTION OFFICER STEPHEN RYAN,
CAPTAIN SALVO, CAPTAIN STEPHEN
COTTONE, and CAPTAIN ANGEL LUYANDA,

                Defendants.

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM ORDER CONCERNING REPORT AND RECOMMENDATION

        On May 19, 2005, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") recommending that the Court vacate the defaults of defendants Correction Officer Jeffrey Ragland ("Ragland"), Correction Officer Stephen Ryan ("Ryan") (collectively, "Officer Defendants"); and Captain Stephen Cottone ("Cottone") and Captain Angel Luyanda ("Luyanda") (collectively, "Captain Defendants"), and deny the Plaintiff's pending motion for a default judgment as against all defendants. The Plaintiff, Echo Westley Dixon ("Plaintiff" or "Dixon"), has filed a timely objection to the May 19, 2005, Report.

        In reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2004). The Court is required to make a de novo determination as to the aspects of the Report to which objections are made. United States v.

Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

Plaintiff contends that the Report's recommendation to vacate the default against the Captain Defendants and the Officer Defendants was improper because the Defendants' delay in responding to the summons and complaint was willful and prejudicial. Additionally, Plaintiff argues that his default judgment motion should have been granted as against both groups of defendants because the Report found that all of the defendants failed to proffer a meritorious defense. Asserting that his default judgment motion was prompted by a suggestion from Judge Fox's chambers, he also argues that the equities weigh in favor of granting his motion and denying defendants' application to vacate their defaults.

The Court has considered thoroughly the Report and Dixon's objections thereto. For the following reasons, the Court adopts the Report's recommendation to vacate the default as to the Captain Defendants. However, as to the Officer Defendants, the Court sustains the objection to the recommendation to vacate the defaults and, finding that the complaint alleges facts sufficient to demonstrate Plaintiff's entitlement to relief, grants Plaintiff's motion for a default judgment as against those defendants. The Court refers this case to Magistrate Judge Fox for further proceedings, including any necessary inquest as to damages.

## DISCUSSION

Defendants' Motion to Vacate Defaults

The Second Circuit has determined that district courts must consider the following factors in determining whether to vacate a default: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and

to what extent, vacating the default will cause the nondefaulting party prejudice." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (citations omitted). The Court has reviewed de novo the questions of willfulness, prejudice, and whether, in light of the relevant factors, the default of the Officer and Captain Defendants should be vacated. Courts generally view the entry of a default judgment as an extreme remedy. Moreover, "[t]he Second Circuit strongly prefers dispute determination on the merits." Springs v. Clement, 202 F.R.D. 387, 394 (E.D.N.Y. 2001) (citing Shah v. New York State Dep't of Civil Serv., 168 F.3d 610, 613 (2d Cir. 1999), Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995), and Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993)). The question of whether relief from a default is to be granted is committed to the sound discretion of the district court and is addressed based on the individual circumstances of the case. Enron Oil Corp., 10 F.3d at 95.

1. Willfulness

*Captain Defendants*

The Court concurs in Judge Fox's findings that the Captain Defendants' failure to respond was not willful. "[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." McNulty, 137 F.3d at 738 (citing Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996)). Further, where there is no evidence that a client has diligently sought out counsel, the courts are more likely to conclude that a party's inaction is willful. See United States v. Cirami, 535 F.2d 736, 741 (2d Cir. 1976) (finding client's inaction willful where the client failed to contact the attorney to ascertain status of the litigation at any point or even to provide the court below with any explanation for his failure to oppose the motion for summary judgment).

In the instant case, there is no evidence that the Captain Defendants were aware of the pendency of this action until shortly before they filed the instant application to set aside their defaults. Furthermore, the record does not support Plaintiff's suggestion that the Captain Defendants directed their coworkers to withhold the summons and complaint from them. (Pl.'s Mem. of Law ("Pl.'s Mem.") at 2-3.) Therefore, the Captain Defendants' statements that they lacked knowledge of this action raise sufficient doubts as to whether their defaults were willful to warrant vacatur of their defaults.

*Officer Defendants*

The Court also concurs with Judge Fox's determination that the actions of the Officer Defendants were willful. The Officer Defendants offer no explanation for their failure to respond to the complaint. Instead, they simply assert that the Legal Division's inaction was "the result of inadvertence" and that the materials sent to the Legal Division must have been misplaced. (Defs.' Mem. of Law in Supp. of its Mot. to Vacate Default at 3, 4.) The Officer Defendants acknowledge that they failed to diligently track the status of either their request for legal assistance or the instant action during the twenty-two (22) months that followed their receipt of the summons and complaint. (Id. at 4.) Accordingly, for substantially the reasons detailed in the Report, the Court finds that the Officer Defendants' failure to respond to the complaint in a timely fashion was willful.

2. Prejudice

The Court, having considered the record presented to Judge Fox and Plaintiff's proffers, in connection with his objections, of evidence concerning the unavailability of photographs relevant to the incident, concurs in Judge Fox's conclusion that there is insufficient

evidence of prejudice to the Plaintiff to warrant denial of the request to vacate the defaults. "[D]elay alone is not a sufficient basis for establishing prejudice. . . . Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted).

Proffering evidence that his Freedom of Information Law request to Downstate Correctional Facility for photographs taken of him on the date of the incident underlying this action was denied on the grounds that the photographs "cannot be located or otherwise [do] not exist," (July 5, 2005 letter from Plaintiff to the Court, with Attachment), Plaintiff argues that the unavailability of the photographs demonstrates that he has suffered prejudice by reason of the delay. He does not, however, proffer evidence that any of the defendants played a role in procuring the current unavailability of the photographs. While loss of evidence is a serious and potentially prejudicial matter, the Court, having weighed the policy preferring the resolution of disputes on their merits and the tools available to the Court to sanction any evidence of spoliation and to manage the presentation of proof, concludes that the prejudice to Plaintiff arising from the delay is insufficient to warrant denial of the application to vacate the default.

3. Meritorious Defense

The Court also concurs in Judge Fox's determination that none of the defendants offered a meritorious defense warranting setting aside the default.

4. Whether Defaults Should be Vacated

*Captain Defendants*

Although the Captain Defendants have failed at this point to proffer a meritorious

defense, they have raised sufficient doubts as to whether their defaults were willful to warrant the exercise of discretion to permit them to defend the action on the merits. Therefore, the Court adopts the Report's recommendation to vacate the defaults of the Captain Defendants.

*Officer Defendants*

Having considered the matters discussed above and weighed de novo, in accordance with the relevant legal standards, the question of the propriety of vacating the defaults of the two groups of defendants, the Court declines to adopt the Report's recommendation that the Officer Defendants' default be set aside. The Officer Defendants have failed to demonstrate that (1) their actions were not willful, and (2) they have a meritorious defense. The Officer Defendants, at best, have demonstrated only that their failure to respond is not prejudicial to Dixon. The Court finds that their pro se status during their twenty-two months of inaction is insufficient to warrant vacatur. As Judge Fox clearly noted, they acknowledged receiving summons that set out, in plain language, their obligation to respond, and they did nothing to ensure that timely responses were made or otherwise follow up on the status of the case. Therefore, the Court declines to exercise its discretion to set aside the defaults as against the Officer Defendants.

5. Plaintiff's Default Judgment Motion

*Captain Defendants*

Because the Court has concluded, upon de novo consideration, that vacatur of the Captain Defendants' default is warranted, Plaintiff's motion for a default judgment as against those defendants is denied. The fact that Judge Fox may have prompted Plaintiff to move for a default judgment in no way precludes Judge Fox, or this Court, from denying the motion. It was

Plaintiff's responsibility to pursue the litigation of his claims in a timely and efficient manner following the effectuation of service. When the defendants responded to the default judgment motions with applications to vacate the defaults, it was the Court's obligation to weigh and determine the issue in light of the governing legal standards. Judge Fox did so and this Court, after de novo review, concurs in his determination that Plaintiff's default judgment motion should be denied as to the Captain Defendants.

*Officer Defendants*

The Court has reviewed Plaintiff's complaint, the factual allegations of which (other than as to damages) are deemed admitted by reason of the Officer Defendants' default. Fed. R. Civ. P. 8(d). For substantially the reasons set forth in Judge Fox's cogent discussion of the sufficiency of Plaintiff's complaint to state a claim upon which relief may be granted, the Court finds that Plaintiff has demonstrated his entitlement to judgment by default as against the Officer Defendants. As explained in the Report, the Officer Defendants have not proffered any indication that they have a meritorious defense. Accordingly, the Court finds that Officer Defendants Ragland and Ryan violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution by using excessive force on Plaintiff on December 2, 2002, as alleged in the complaint, and Plaintiff's motion for a default judgment is granted as against those defendants.

## CONCLUSION

For the aforementioned reasons, the Report is adopted to the extent it recommends vacatur of the defaults of the Captain Defendants and denial of Plaintiff's default judgment motion as against those defendants. The Captain Defendants shall file and serve their response to

the complaint by November 7, 2005.

The Officer Defendants' motion to vacate their default is denied, and Plaintiff's motion for a default judgment is granted as against Officer Defendants Ragland and Ryan.

The reference of this case to Magistrate Judge Fox for general pretrial management continues. The case is further referred for any necessary inquest in connection with the default judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

Magistrate Judge Fox's Report follows.

SO ORDERED.

Dated: New York, New York
October 13, 2005

LAURA TAYLOR SWAIN
United States District Judge

TO THE HONORABLE LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Echo Westley Dixon ("Dixon") brought this action, pro se, pursuant to 42 U.S.C. § 1983, alleging violations of the Constitution. Defendants Correction Officer Jeffrey Ragland ("Ragland"), Correction Officer Stephen Ryan ("Ryan") (collectively, "officer defendants"), Captain Stephen Cottone ("Cottone"), and Captain Angel Luyanda ("Luyanda") (collectively,