```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ECHO WESTLEY DIXON,

                Plaintiff,

     -v-                                             No. 03 Civ. 826 (LTS)(KNF)

JEFFREY RAGLAND, et al.,

                Defendants.

-------------------------------------------------------x
```

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART
REPORT AND RECOMMENDATION**

On September 11, 2007, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") recommending that: (1) summary judgment be granted in connection with Plaintiff's claim that Correctional Captains Stephen Cottone and Angel Luyanda displayed deliberate indifference to Plaintiff's medical needs; (2) summary judgment be denied in connection with Plaintiff's claim that Captains Cottone and Luyanda failed to intervene while Officer Jeffrey Ragland, Officer Stephen Ryan, and Captain James Salvio used excessive force against him; (3) the action against Captain Salvio be dismissed pursuant to Federal Rule of Civil Procedure 4(m); and (4) Defense counsel be directed to show cause as to why she has not violated Federal Rule of Civil Procedure 11 by filing a motion for summary judgment on behalf of the defendants against whom a default judgment had been entered by the Court. Objections to the Report were received from Plaintiff.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Pro se parties are generally accorded leniency when making objections. Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting Vasquez v. Reynolds, No. 00 Civ. 0862, 2002 WL 417183 at *5 (S.D.N.Y. Mar. 18, 2002)). Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

The Court has conducted a thorough review of the record herein, including, among other things, the parties' submissions, the Report, Plaintiff's extensive objections, and the relevant legal authority. Plaintiff's objections are presented in a conclusory fashion, simply reflecting his disagreement with Judge Fox's conclusions. Since Plaintiff raises only general or conclusory objections, the Court reviews the Report for clear error. After reviewing the Report, the Court finds no such error, and for substantially the reasons set forth in Judge Fox's thorough

and well-reasoned Report, the undersigned adopts all of Judge Fox's conclusions **with the exception** of his recommendation that defense counsel be directed to show cause as to why she has not violated Federal Rule of Civil Procedure 11. Having considered the issues underlying that recommendation, the undersigned finds it sufficient to note at this juncture that the Court will expect more careful attention in the future to the procedural posture and other relevant details of matters proposed to be litigated.

CONCLUSION

Judge Fox's Report is hereby adopted as to all points with the exception of his recommendation that conclusion that defense counsel be directed to show cause as to why she has not violated Federal Rule of Civil Procedure 11. Accordingly, Defendants' summary judgment motion is denied as to Plaintiff's failure to intervene claim against Defendants Cottone and Luyanda, and is granted as to Plaintiff's deliberate indifference claim against Defendants Cottone and Luyanda. This action is dismissed against Defendant Salvio pursuant to Federal Rule of Civil Procedure 4(m).

The parties are directed to meet promptly with Judge Fox (by telephone or in person, as Judge Fox may direct) and make their best efforts to settle the remaining failure to intervene claim. If a settlement is not reached, the Court will hold a Final Pre-Trial Conference on May 2, 2008, at 11:00 a.m. and, the Court's schedule permitting, trial will commence with jury selection on May 6, 2008, at 9:30 a.m.

The parties shall consult and make submissions in advance of the Final Pre-Trial Conference in accordance with the directions set forth in Judge Fox's April 13, 2006, Pre-Trial Scheduling Order.

SO ORDERED.

Dated: New York, New York
November 16, 2007

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge