UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ECHO WESTLEY DIXON,

        Plaintiff,

  -v-                                                 No.  03 Civ. 826 (LTS)(KNF)

C.O. RAGLAND et al.,

        Defendants.
-------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Echo Westley Dixon ("Dixon" or "Plaintiff") brought this action against Defendants New York City Corrections Officers Jeffrey Ragland ("Ragland") and Stephen Ryan ("Ryan") (collectively, the "Officer Defendants"), New York City Corrections Captains Stephen Cottone ("Cottone") and Angel Luyanda ("Luyanda") (collectively, the "Captain Defendants"), and Captain James Salvio ("Salvio"),[1] pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with a use of force incident that occurred on December 4, 2002.  Following a trial on the liability of the Captain Defendants and a jury verdict in the Captain Defendants' favor, Plaintiff moves the Court for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 or, in the alternative, a new trial pursuant to Rule 59(a).  Plaintiff also objects to Magistrate Judge Fox's November 7, 2008, Report and Recommendation (the "Report") as to the amount of damages, if any, to be awarded Plaintiff as against the defaulting Officer Defendants.

---

[1] Captain Salvio's name is spelled incorrectly in the caption.  This action was dismissed as against Captain Salvio pursuant to Federal Rule of Civil Procedure 4(m), see docket entry no. 86, and Plaintiff's motion for reconsideration of this determination has been denied, see, e.g., docket entry no. 151.  Thus, the term "Captain Defendants" refers only to Defendants Cottone and Luyanda.

BACKGROUND

Defendants in this section 1983 action did not timely respond to Plaintiff's complaint, and the Clerk of Court noted their defaults. Plaintiff subsequently moved for entry of default judgment against Defendants pursuant to Rule 55(b) and Defendants made an application to set aside their defaults pursuant to Rule 55(c). By Order dated October 13, 2005, the Court granted Defendants' application to set aside the defaults as to the Captain Defendants, but denied Defendants application with respect to the Officer Defendants. See Docket Entry No. 24. The Court granted Plaintiff's motion for default judgment as to the Officer Defendants and referred any necessary inquest in connection with the default judgment to Magistrate Judge Fox. On November 16, 2007, the Court issued an order adopting Judge Fox's recommendations that summary judgment be granted in the Captain Defendants' favor as to one of Plaintiff's claims, (docket entry no. 86), and, in May 2008, the matter went to trial on Plaintiff's remaining claim: that the Captain Defendants had failed to intervene to protect him from the use of excessive force. Following the trial, the jury returned a unanimous verdict in favor of the Captain Defendants. Judge Fox conducted an inquest in connection with the damages, if any, to be awarded Plaintiff as against the defaulting Officer Defendants. On November 7, 2008, Judge Fox issued his Report recommending that judgment for nominal damages in the amount of $1, and punitive damages in the amount of $500, be entered against Defendant Ragland and that no damages be awarded against Defendant Ryan. See Docket Entry No. 167.

Plaintiff moves the Court pursuant to Rule 50 for judgment as a matter of law or, in the alternative, pursuant to Rule 59(a) for a new trial. Plaintiff also objects to the Report. The Court has carefully considered all of the parties' submissions on the Rule 50 and 59(a) motion, including those submissions making up Plaintiff's motion, specifically docket entry nos. 144, 146,

and 147, Defendants' opposition to the motion, and those submissions which the Court has construed as comprising Plaintiff's reply, specifically docket entry nos. 164, 165, and 166. The Court has reviewed Judge Fox's November 7, 2008, Report and Plaintiff's objections to the Report, specifically docket entry nos. 168 and 169. Additionally, the Court has reviewed and considered Plaintiff's extensive letters to the Court during the briefing of these matters, even where the submissions were not specifically identified as constituting part of Plaintiff's motion papers. For the following reasons, Plaintiff's motion for judgment as a matter of law, or, in the alternative, for a new trial in connection with the liability determination as to the Captain Defendants is denied. The Court adopts Judge Fox's recommendation with respect to the damages as against the Officer Defendants.

DISCUSSION

As a preliminary matter, Defendants argue that Plaintiff cannot make a Rule 50 motion for judgment as a matter of law because he did not properly move for judgment as a matter of law before the case was submitted to the jury. However, after the jury returned its verdict, the Court specifically referred to Rule 50 in reminding Mr. Dixon of the deadline for post-trial motions. (See May 20, 2008, Transcript pp. 407-409.) In light of the Court's remarks to Mr. Dixon, a pro se plaintiff, Mr. Dixon's Rule 50 application will be addressed here on the merits.

Plaintiff's Rule 50 and 59(a) Motions

The standard for granting a Rule 50 motion is high. "Such a motion may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 133 (2d Cir. 2008) (internal citations and

quotations omitted).  The Court "must give deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." Caruolo v. John Crane, Inc., 226 F.3d 46, 51 (2d Cir. 2000) (internal quotations omitted).  The non-moving party must be given "the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." Black v. Finantra Capital, Inc., 418 F.3d 203, 209 (2d Cir. 2005) (internal quotations omitted).

Although the standard for granting a Rule 59(a) motion for a new trial is less restrictive than the Rule 50 standard, it remains high. Nimely v. City of New York, 414 F.3d 381, 392 (2d Cir. 2005). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Medforms, Inc. v. Healthcare Management Solutions, Inc., 290 F.3d 98, 106 (2d Cir. 2002).  "In determining whether the jury's verdict is so "seriously erroneous" as to justify a new trial, the trial judge is free to weigh the evidence." Farrior v. Waterford Bd. of Educ., 277 F.3d 633, 634 (2d Cir. 2002).  However, if 'resolution of the issues depended on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." United States v. Landau, 155 F.3d 93, 105 (2d Cir. 1998).

Plaintiff has made numerous arguments in connection with his motion for judgment as a matter of law or, in the alternative, for a new trial on the matter of the Captain Defendants' liability.  These arguments fall within several general categories.  First, Plaintiff argues that the jury should have believed his evidence over the Defendants' evidence; second, Plaintiff contests the Court's determinations on objections that he made during trial and the pretrial conferences; third, Plaintiff demands that the Court initiate criminal proceedings against the Defendants under various sections of Title 18 of the United States Code; fourth, Plaintiff argues that newly discovered

evidence warrants a new trial; fifth, Plaintiff raises additional alleged constitutional violations that were not at issue in the trial or the inquest; and sixth, Plaintiff raises issues, beyond his trial-related objections, that the Court has previously ruled on during the course of this proceeding. Despite Plaintiff's myriad arguments, Plaintiff has failed to persuade the Court that there was insufficient evidence to support the jury verdict, thereby warranting judgment as a matter of law. Nor is the Court persuaded that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice, thereby warranting a new trial.

      Plaintiff's argument in support of his motion for judgment as a matter of law is essentially that the jury should have found his evidence credible and discredited the testimony of the defense witnesses. There is ample evidence in the record supporting the jury's determination and the Court will not substitute its determination for that of the jury. Such restraint is particularly appropriate where, as here, the evidence presented consisted mostly of witness testimony and the jury determination rested on its assessment of witness credibility. The Court must give deference to the jury's credibility determinations and it is not appropriate for the Court to engage in its own evaluation of witness credibility. See e.g. Zellner v. Summerlin, 494 F.3d 344, 371 (2d Cir. 2007) ("In ruling on [a Rule 50] motion, the court must bear in mind that the jury is free to believe part and disbelieve part of any witness's testimony.") Nor does Plaintiff's argument that the jury should have credited his testimony over that of the defense witnesses constitute grounds for granting a 59(a) motion for a new trial. See Ellis v. La Vecchia, 567 F. Supp. 2d 601, 610 (S.D.N.Y. 2008) ("while the standard for granting a Rule 59(a) motion for a new trial is more lenient than that for granting judgment as a matter of law, it is still improper for the Court to grant a new trial when resolution of the issues depended on assessment of the credibility of the witnesses") (internal quotations omitted).

Plaintiff also seeks to reargue objections that he made in advance of and during the trial. Plaintiff has not, however, demonstrated any appropriate grounds in his submissions for reconsideration or modification of the Court's decisions on those objections. Thus, to the extent that Plaintiff's motion for judgment as a matter of law or for a new trial is premised on arguments that the Court erred in ruling on his objections, Plaintiff has failed to show any basis for revisiting those rulings.

Plaintiff also argues that "newly discovered" evidence merits a new trial under Rule 60(b). The evidence that Plaintiff identifies is, however, evidence that was introduced at trial and does not constitute newly discovered evidence. Furthermore, the evidence appears to relate to a different action not before the Court that, by Plaintiff's own admission, has already been settled and discontinued. (See Plaintiff's May 26, 2008, letter, p. 3, attached to Docket Entry No. 144.)

Plaintiff has also made numerous requests that the Court initiate criminal prosecutions against Defendants on the grounds that the Defendants and defense witnesses perjured themselves. However, as the Court noted above, the jury chose to believe the Defendants' witnesses and Plaintiff has not provided any evidence of perjury warranting criminal prosecutions. Furthermore, it is not the judicial, but the executive, branch that initiates criminal prosecutions under Title 18 of the United States Code. Thus, to the extent Plaintiff is arguing that violations of the various sections of Title 18 enumerated in his submissions would warrant judgment as a matter of law or a new trial, Plaintiff has not satisfied his burden under Rule 50 or 59(a).

Insofar as Plaintiff's submissions refer to alleged constitutional violations not previously raised in this proceeding, Plaintiff's attempts to add claims to this action are untimely. The case has proceeded to trial and a jury has rendered a verdict. Magistrate Judge Fox conducted an inquest on the damages as to the defaulting Officer Defendants and has made his

recommendation to the Court.  Furthermore, to the extent that Plaintiff's submissions raise for reconsideration issues on which the Court has already ruled and has previously denied Plaintiff's requests for reconsideration, the Court declines to entertain any additional requests for reconsideration.

Judge Fox's Report and Recommendation

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1) (West 2006).  The Court is required to make a de novo determination as to the aspects of the Report to which objections are made.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  However, if the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, however, the Court will review the Report strictly for clear error.  See United States ex rel. Casa Redimix Concrete Corp. v. Luvin Construction Corp., 00 Civ. 7552 (HB), 2002 WL 31886040, at *1 (S.D.N.Y. Dec. 27, 2002); Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994).

Plaintiff objects to the entirety of Magistrate Judge Fox's Report, "except those portions that accurately describe the incident which gave rise to this cause of action."  See Docket Entry No. 168.  Plaintiff also objects to the Report's description as to the location of the incident as the New York State Supreme Court, Bronx County.  Plaintiff also objects to various aspects of the Report more specifically, albeit conclusorily, including which constitutional rights were deemed to have been violated and the amount of damages awarded.

Any discrepancy in the physical location of the incident is not material to Judge Fox's determination of the damages to be awarded against the Officer Defendants and is not a

ground for refusing to adopt Judge Fox's recommendation. The Court has thoroughly reviewed Judge Fox's comprehensive and well-reasoned Report as to the damages to be awarded against the defaulting Officer Defendants, and which was issued following an inquest hearing. The Court has reviewed those portions of the Report to which Plaintiff makes general and conclusory objections for clear error and those portions of the Report to which Plaintiff makes specific objections de novo. Finding no grounds for refusing to adopt or modify the Report, the Court adopts Judge Fox's Report and Recommendation in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment as a matter of law, or, in the alternative, a new trial, is denied. The Court adopts Judge Fox's Report and Recommendation. This Order resolves docket entry no. 144. The Clerk of Court is respectfully requested to enter judgment as to liability in favor of Defendants Cottone and Luyanda, to enter judgment for nominal damages in the amount of $1 and punitive damages in the amount of $500 as against Defendant Ragland, and to enter judgment of $0 damages as against Defendant Ryan. The Clerk of Court is further requested to close this case.

Dated: New York, New York
       December 16, 2008

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge